Roger A Wright, SBA #014150
**WRIGHT LAW FIRM, PLC**
1013 S STAPLEY DRIVE
MESA, ARIZONA 85204
_____
Phone: (480) 558-1700
Email: office@wrightlawaz.com
_____
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| ELLIOTT E. CLARK, and AMIT KUMAR, and STEVEN M. RONCAL, JR., and RYAN R. PARKS, and TYLER J. WRIGHT, the foregoing persons Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>INFUSION SOFTWARE, INC., an Arizona corporation d/b/a INFUSIONSOFT, CLATE MASK and CHARISSE MASK, a married couple; SCOTT MARTINEAU and ANDEE MARTINEAU, a married couple; CURTIS SMITH and JANE DOE SMITH, a married couple; HAL HALLADAY and GINA CALDWELL HALLADAY, a married couple; KEITH REED and JANE DOE REED, a married couple;<br><br>Defendants. | No.<br><br>**COMPLAINT** |

COME NOW the above-named Plaintiffs (hereinafter "Individual Plaintiffs"), individually and on behalf of other current and former employees similarly situated (hereinafter "Similar Employees") and by and through their undersigned counsel,

Complaint and Demand for Jury Trial        1

hereby file this Complaint for overtime wage damages and declaratory relief against Defendants, and state in support as follows:

### **NATURE OF THE CASE**

1. Individual Plaintiffs and Similar Employees bring this action against Defendants for unlawful violations of the Fair Labor Standards Act and seek to recover unpaid overtime at the rate of one-and-one-half times their regular rate of pay for all time worked in excess of 40 hours in a given workweek.

2. Individual Plaintiffs and Similar Employees also bring this action against Defendants for unlawful violations of Arizona law, including without limitation for unpaid wages pursuant to A.R.S. §§ 23-350 *et seq*.

3. Individual Plaintiffs and Similar Employees also demand a declaration of rights finding *inter alia* that an employer-employee relationship existed, Individual Plaintiffs and Similar Employees worked over forty hours in a workweek without receiving correct overtime compensation pursuant to the FLSA, Defendants failed to keep accurate time records, Defendants failed to prove a good faith defense, Individual Plaintiffs and Similar Employees are entitled to minimum wage compensation, overtime compensation, liquidated damages and reasonable attorney's fees and costs pursuant to the FLSA.

### **JURISDICTION AND VENUE**

4. This Court has personal jurisdiction over Defendants because the Defendants continue to transact business in Arizona and because at all times relevant hereto the Defendants committed acts in Arizona including, without limitation, acts proscribed by various Arizona statutes.

5. Jurisdiction in this Court is proper as the claims are brought pursuant to

the Fair Labor Standards Act, as amended (29 U.S.C. § 201, *et seq.*, hereinafter called the "FLSA") to recover unpaid overtime compensation, an additional equal amount as liquidated damages, obtain declaratory relief, and for reasonable attorneys' fees and costs.

6. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 216(b).

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(c) and (d) because acts giving rise to the claims of the Individual Plaintiffs and Similar Employees occurred within the District of Arizona, and Infusion Software, Inc. regularly conducted business in and has engaged in the wrongful conduct alleged herein and the individually named Defendants performed their work for Infusion Software, Inc. in Maricopa County Arizona, and thus are subject to personal jurisdiction in this judicial district. A substantial part of the events giving rise to the claims occurred in Maricopa County.

## PARTIES

8. At all relevant times alleged herein, Plaintiff Elliott E. Clark resided in the State of Arizona in Maricopa County.

9. At all relevant times alleged herein, Plaintiff Amit Kumar resided in the State of Arizona, Maricopa County.

10. At all relevant times alleged herein, Plaintiff Steven M. Roncal, Jr. resided in the State of Arizona, Maricopa County.

11. At all relevant times alleged herein, Plaintiff Ryan R. Parks resided in the State of Arizona, Maricopa County.

12. At all relevant times alleged herein, Plaintiff Tyler J. Wright resided in the State of Arizona, Maricopa County.

1    13.    At all times material hereto, Individual Plaintiffs and Similar Employees were employees of the Defendants within the meaning of the FLSA.

     14.    Infusion Software, Inc. (hereinafter "Infusionsoft") is a Delaware corporation that transacts business in Arizona.

     15.    Infusionsoft is, and has been, an "employer" as defined by Arizona statutes.

     16.    At all relevant times Infusionsoft employed Plaintiffs' and Similar Employees' as defined by 29 U.S.C. § 203(d).

     17.    Upon information and belief, Infusionsoft was and is an enterprise engaged in commerce that had annual gross sales made or business done of at least $500,000.00.

     18.    At all relevant times Infusionsoft acted through its owners, officers, agents, and employees.

     19.    Clate Mask is an owner of and serves as Chief Executive Officer for Infusionsoft and regularly exercised authority to: (a) hire and fire employees of Infusionsoft; (b) determine the work schedules for the employees of Infusionsoft; and (c) control the finances of Infusionsoft. By virtue of having exercised that authority on behalf of Infusionsoft, Defendant Mask is an employer as defined by the FLSA and is subject to individual liability. Any action taken by Clate Mask or Charisse Mask was done to benefit their marital community.

     20.    Scott Martineau is an owner of and serves as Chief Customer Officer for Infusionsoft and and regularly exercised authority to: (a) hire and fire employees of Infusionsoft; (b) determine the work schedules for the employees of Infusionsoft; and (c) control the finances of Infusionsoft. By virtue of having exercised that authority on

behalf of Infusionsoft, Defendant Martineau is an employer as defined by the FLSA and is subject to individual liability. Any action taken by Mr. Martineau or Andee Martineau was done to benefit their marital community.

21.   Curtis Smith serves as the Chief Financial Officer for Infusionsoft and and regularly exercised authority to: (a) hire and fire employees of Infusionsoft; (b) determine the work schedules for the employees of Infusionsoft; and (c) control the finances of Infusionsoft. By virtue of having exercised that authority on behalf of Infusionsoft, Defendant Smith is an employer as defined by the FLSA and is subject to individual liability. Any action taken by Curtis Smith or Jane Doe Smith was taken to benefit their marital community.

22.   Hal Halladay serves as the Chief People Officer for Infusionsoft and regularly exercised authority to: (a) hire and fire employees of Infusionsoft; (b) determine the work schedules for the employees of Infusionsoft; and (c) control the finances of Infusionsoft. By virtue of having exercised that authority on behalf of Infusionsoft, Defendant Halladay is an employer as defined by the FLSA and is subject to individual liability. Any action taken by Hal Halladay or Gina Caldwell Halladay was done for the benefit of their marital community.

23.   Keith Reed serves as the Chief Revenue Officer for Infusionsoft and regularly exercised authority to: (a) hire and fire employees of Infusionsoft; (b) determine the work schedules for the employees of Infusionsoft; and (c) control the finances of Infusionsoft. By virtue of having exercised that authority on behalf of Infusionsoft, Defendant Reed is an employer as defined by the FLSA and is subject to individual liability. Any action taken by Keith Reed or Jane Doe Reed was taken to their marital community.

24. At all times material hereto, each of the Defendants sued herein was the agent and/or employee of each of the remaining Defendants, and at all times acted within the purpose and scope of such agency and/or employment.

25. Further Defendants' owners, officers, and directors personally acted on Defendants' behalf, and with actual and/or apparent authority, and such acts were ratified by the Defendants, or such owners, officers, and directors acted within the purpose of scope of their employment, agency, or relationship to Infusion Software, Inc. and the other Defendants.

26. Further Defendants employed numerous individuals who acted as Defendants' agents as to the events described herein.

## COLLECTIVE ACTION ALLEGATIONS

27. Individual Plaintiffs bring this action pursuant to 29 U.S.C. § 216(b), each on his own behalf, and as representative of Similar Employees who are current or former inside employees of Infusionsoft who were/are not paid appropriate overtime for all time worked in excess of forty (40) hours per workweek that the Defendants suffered or permitted them to work, in violation of 29 U.S.C. § 207(a), and who agree in writing to join this lawsuit seeking recovery under the FLSA.

28. At all times material hereto, the work performed by the Individual Plaintiffs and Similar Employees was essential to the business performed by Defendants.

29. Defendants are aware or should have been aware that federal law required them to pay employees performing non-exempt duties an overtime premium of not less than one-and-one-half times their regular rates of pay for hours worked in excess of forty (40) per workweek.

30. Defendants' unlawful conduct has been widespread, repeated, and consistent.

31. This action is properly brought and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

## FACTUAL BACKGROUND

32. At various material times during the last three years, the Individual Plaintiffs and Similar Employees worked for Defendants in excess of forty hours within a workweek.

33. Elliott E Clark worked for Infusionsoft from approximately October 12, 2015 through October 31, 2016. Clark's duties involved sales as a sales development representative and regional sales consultant. Clark's duties included dialing and receiving calls from potential customers in an effort to sell Infusionsoft's products and services.

34. Amit Kumar worked for Infusionsoft from March 2013 (approximately) through May 31, 2015. Kumar's duties likewise involved sales, and Kumar was involved in dialing and receiving calls from potential customers in an effort to sell Infusionsoft's products and services.

35. Steven Roncal, Jr. worked for Infusionsoft from approximately July 13, 2015 through December 2, 2016 in sales as support and as financial analyst. Roncal's duties involved support for the sales team, and he was asked to be constantly available. Roncal had to be onsite or available by phone at home whenever sales representatives were working.

36. Ryan Parks worked for Infusionsoft from approximately March 2013 through October 6, 2016. Parks' duties involved sales. As a sales manager, Parks was

involved in dialing an receiving calls from potential customers in an effort to sell Infusionsoft's products and services.

37. Tyler Wright worked for Infusionsoft from approximately April 15, 2013 through April 29, 2016. Wright's duties involved sales. Wright was involved in dialing and receiving calls from potential customers in an effort to sell Infusionsoft's products and services.

38. It was normal for Defendants to expect Individual Plaintiffs and Similar Employees to work 55 - 70 hour weeks and 12 hour days, even working up to 16-18 hour days at the end of each month.

39. Individual Plaintiffs and Similar Employees were encouraged not to take lunches, and were expected to be at the office in or around 7:30 am or 8:00 am on a typical work day.

40. Because the Defendants marketed their services worldwide, the Individual Plaintiffs and Similar Employees were also asked to be available at irregular hours. For example, if a potential sale originated from Australia (or another foreign country in a time zone different from Arizona) the Individual Plaintiffs and Similar Employees would be asked to be available. This often and routinely resulted in extended and overtime hours and long days being the required norm.

41. In order to hit sales quotas set by the Defendants, Individual Plaintiffs and Similar Employees were required to work long hours, particularly at the end of each month. Defendants required these long hours of Individual Plaintiffs and Similar Employees even if Individual Plaintiffs and Similar Employees had met his or her individual quota.

42. The Defendants failed to maintain proper time records as mandated by the

1  FLSA.

2  43. The above Individual Plaintiffs and Similar Employees were not paid the one-and-one-half times their regular rate that is required under the FLSA for hours worked over 40 in a workweek.

44. Defendants knew that – or acted with reckless disregard as to whether – a failure to pay to Plaintiff and Similar Employees one-and-one-half times their regular rates of pay for all work in excess of forty (40) hours per workweek, would violate the FLSA.

45. As such Defendants' conduct constitutes a willful violation of the FLSA.

46. Due to Defendants illegal wage practices, the above Individual Plaintiffs and Similar Employees are entitled to recover compensation for unpaid wages, an additional equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

47. The Individual Plaintiffs have retained Wright Law Firm, plc to represent them in the litigation and have agreed to pay the firm a reasonable fee for its services.

**COUNT I**

RECOVERY OF OVERTIME COMPENSATION

48. Individual Plaintiffs and Similar Employees reassert and incorporate all of the allegations contained in the foregoing paragraphs as though more fully set forth herein.

49. The FLSA requires covered employers, such as Defendant Infusionsoft, to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per workweek. When calculated, the regular rate of pay must include all non discretionary

compensation.

50. While employed by Defendants, Individual Plaintiffs and Similar Employees, routinely worked over forty hours in a workweek for Defendants.

51. Defendants routinely suffered and permitted Individual Plaintiffs and Similar Employees to work more than forty (40) hours per week and did not pay the overtime compensation that was due.

52. Defendants required the Individual Plaintiffs and Similar Employees to work long hours to complete all of their job responsibilities.

53. Defendants actions constitute a widespread pattern of violating the provisions of the FLSA by failing and/or refusing to pay Individual Plaintiffs and Similar Employees in accordance with 29 U.S.C. § 207.

54. In practice, Defendants treated Individual Plaintiffs and Similar Employees as exempt from overtime premium compensation under the FLSA.

55. Defendants did not pay Individual Plaintiffs and Similar Employees one-and-one-half times their regular rates of pay for such time.

56. Defendants compensation policies and practices violated the FLSA in that it failed to include commission income in determining the overtime rate of pay.

57. Under Defendants' compensation agreements, policies and practices, Individual Plaintiffs and Similar Employees would earn the same amount of compensation regardless of overtime hours reported or worked. Therefore, no overtime premium was ever provided to these employees under Defendants' compensation policies.

58. Upon information and belief, Defendants discouraged Individual Plaintiffs and Similar Employees from reporting actual hours worked since it had no

impact on total compensation paid under Defendants' illegal compensation practices.

59. Upon information and belief, Defendants did not keep accurate records of these hours worked by Individual Plaintiffs and Similar Employees as required by law.

60. Defendants were aware of the hours and overtime hours that the Individual Plaintiffs and Similar Employees worked.

61. Defendants knew or acted with reckless disregard as to whether refusal or failure to properly compensate Individual Plaintiffs and Similar Employees over the course of their employment would violate the FLSA overtime requirements during Individual Plaintiffs and Similar Employees employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

62. Defendant ENG Lending was aware, or should have been aware, that the Individual Plaintiffs and Similar Employees performed work that required payment of overtime compensation and that non-discretionary commission income must be included when calculating the overtime rate of pay.

63. Defendants operated under their policies and practices so as to deprive the Individual Plaintiffs and Similar Employees of overtime compensation by treating them as exempt in practice; failing to accurately compensate at the correct overtime rate of pay; and by failing to make, keep, and preserve records of their hours worked.

64. Each of the Individual Plaintiffs and Similar Employees were deprived of overtime pay that is guaranteed by law.

65. Defendants' actions, policies, and/or practices as described above violated the FLSA's overtime requirement by regularly and repeatedly failing to compensate the Individual Plaintiffs and Similar Employees at the required overtime rate.

66. Individual Plaintiffs and Similar Employees are victims of Defendants'

widespread, repeated, systemic and consistent illegal policies and practices that have resulted in violations of their rights under the FLSA, 29 U.S.C. § 201 *et seq.,* and that have caused damage to them.Defendants knew that their compensation policies and practices showed reckless disregard for the fact that they failed to pay Individual Plaintiffs and Similar Employees overtime compensation in violation of the FLSA.

67. Defendants are liable under the FLSA for failing to properly compensate Individual Plaintiffs and Similar Employees.

68. Defendants' conduct constitute willful violations of the FLSA within the meaning of 29 U.S.C. §255.

69. As a direct and proximate cause of Defendants' unlawful conduct, Individual Plaintiffs and Similar Employees are entitled to compensation of one-and-one-half times their regular rates of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs pursuant to 29 U.S.C. § 216.

**COUNT II**

UNPAID WAGES - A.R.S. §§ 23-350 *et seq.*

70. Individual Plaintiffs and Similar Employees reassert and incorporate all of the allegations contained in the foregoing paragraphs as though more fully set forth herein.

71. Infusionsoft failed to pay Individual Plaintiffs and Similar Employees overtime wages under the FLSA as they were earned.

72. This constitutes a compensable wage.

73. Infusion Software Inc. wrongfully withheld these compensable wages from the Individual Plaintiffs and from Similar Employees in violation of A.R.S. §

23-352.

74. Because Infusionsoft wrongfully withheld compensable wages from the Individual Plaintiffs and Similar Employees, they are entitled to recover treble damages pursuant to A.R.S. § 23-355 in an amount to be proven in trial.

## COUNT III

## DECLARATORY RELIEF

75. Individual Plaintiffs and Similar Employees reassert and incorporate all of the allegations contained in the foregoing paragraphs as though more fully set forth herein.

76. Individual Plaintiffs, Similar Employees, and the Defendants have an unpaid wage dispute pending.

77. The Court has jurisdiction to hear Individual Plaintiffs' and Similar Employees request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201-2202.

78. Individual Plaintiffs and/or Similar Employees are entitled to declarations as to the following matters and as to other matters deemed appropriate by the Court:

    a.    The Individual Plaintiffs and Similar Employees were or are employed by Defendants.

    b.    Defendants are an enterprise.

    c.    Individual Plaintiffs and Similar Employees are individually covered by the FLSA.

    d.    The Individual Plaintiffs and Similar Employees earned overtime wages for which they were entitled to payment from Defendants.

    e.    Defendants failed and refused to provide payment to the Individual

        Plaintiffs and Similar Employees at the time those wages became due.

    f.    Defendants did not keep accurate time records pursuant to 290 U.S.C. §211(c) and C.F.R. Part 516.

    g.    Defendants have no good-faith basis for their failures and refusals to make the payments of wages to the Individual Plaintiffs and Similar Employees when those wage payments became due.

    h.    The Individual Plaintiffs and Similar Employees are entitled to recover damages in an amount three times the wages due to him or her from Defendants pursuant to A.R.S. §23-363.

    i.    Defendants' failure or refusal to pay overtime wages when earned was willful.

    j.    The Individual Plaintiffs and Similar Employees are entitled to an additional amount as liquidated damages under the FLSA.

    k.    Defendants did not rely on any good faith defense in their failure to abide by the provisions of the FLSA and in their failures to pay the required overtime compensation.

79.    It is in the public interest to have these declarations of rights recorded as the Individual Plaintiffs and Similar Employees declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue and preventing future harm.

80.    The declaratory judgment action further terminate and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

## **PRAYER FOR RELIEF**

WHEREFORE, Individual Plaintiffs and on behalf of Similar Employees

respectfully request the following relief, and that judgment be entered in their favor against Defendants:

    A.    Designation of this action as a collective action on behalf of the FLSA Similar Employees (asserting FLSA claims) and prompt issuance of notice pursuant to 28 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to timely assert FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

    B.    For the Court to award compensatory, incidental, and consequential damages to be determined at trial;

    C.    For the Court to award overtime compensation in the amount due to him for all of Plaintiff's time worked without receiving overtime;

    D.    For the Court to award liquidated damages in an amount equal to the overtime;

    E.    For the Court to award treble damages for wrongfully withheld wages against Defendant Infusion Software Inc.;

    F.    For the Court to award prejudgment and post-judgment interest;

    G.    For the Court to award Plaintiffs' and Similar Employees' reasonable attorneys' fees and costs of the actions pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

    H.    Awarding Individual Plaintiffs treble the amount calculated pursuant to the preceding paragraph;

    I.    For Individual Plaintiffs' costs incurred in this action.

    J.    For Individual Plaintiffs' pre-judgment interest, at the highest legal rate, on all amounts set for in subsections (a) and (b) above from the date of the payment due

for that pay period until paid in full.

K.  Awarding Individual Plaintiffs' post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full. For the Court to provide reasonable incentive awards for the named Plaintiff to compensate them for all the time spent by them attempting to recover wages for Similar Employees and for the risks they took in doing so; and

L.  Such other relief as this Court shall deem just and proper.

### DEMAND FOR JURY TRIAL

Individual Plaintiffs and Similar Employees hereby request that upon trial of this action, all issues be submitted to and be determined by a jury except those issues reserved by law for determination by the Court.

Dated November 27, 2017.

                                                Respectfully submitted,

                                                */s/ Roger A. Wright*
                                                By:  Roger A. Wright
                                                Arizona Bar No. 014105
                                                **WRIGHT LAW FIRM, PLC**
                                                1013 S Stapley Drive
                                                Mesa, Arizona 85204
                                                (480) 558-1700
                                                office@wrightlawaz.com
                                                *Trial Counsel For Plaintiffs*