ROGER A WRIGHT, SBA #014150
**WRIGHT LAW FIRM, PLC**
1013 SOUTH STAPLEY DRIVE
MESA, ARIZONA 85204
Firm Telephone: (480) 558-1700
Email: office@wrightlawaz.com

Attorneys for Plaintiffs

Mark Ogden; AZ Bar No. 017018
mogden@littler.com
Kristy L. Peters; AZ Bar No. 024756
kpeters@littler.com
Cory G. Walker; AZ Bar No. 027853
cgwalker@littler.com
LITTLER MENDELSON, P.C.
2425 East Camelback Road, Suite 900
Phoenix, AZ  85016
Telephone:    602.474.3600
Facsimile:    602.957.1801

Attorneys for Defendants

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elliott E. Clark, and Amit Kumar, and Steven M. Roncal, Jr., and Ryan R. Parks, and Tyler J. Wright, the foregoing persons Individually, and on Behalf of All Others Similarly Situated,<br><br>         Plaintiffs,<br><br>v.<br><br>Infusion Software Inc., an Arizona corporation, d/b/a Infusionsoft; Clate Mask and Charisse Mask, a married couple; Joseph Scott Martineau and Andrea Aleen Martineau, a married couple; and John and Jane Does, I-X,<br><br>         Defendants. | Case No. CV-17-4314-PHX-DLR<br><br>**JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENTS** |

LITTLER MENDELSON, P.C.
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

Defendants Infusion Software Inc., d/b/a Infusionsoft; Clate Mask and Charisse Mask; and Joseph Scott Martineau and Andrea Aleen Martineau (collectively "Defendants") and and Plaintiffs Elliott E. Clark, Amit Kumar, Steven M. Roncal, Jr., Ryan R. Parks, Tyler J. Wright ("Plaintiffs"), hereby move this Court to review the Settlement Agreement and Release of Claims (the "Agreement") as between Defendants and each individual Plaintiff, attached hereto as **Exhibits A-E**, and for an Order approving the Agreements as fair and reasonable.

The Parties bring this Motion to the Court out of an abundance of caution as, in the context of suits brought directly by employees against their employer under Section 216(b) to recover back wages for alleged FLSA violations, there is precedent indicating that the parties should present any proposed settlement to the district court, which may enter a stipulated judgment after reviewing the settlement for fairness. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982); *see also Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945). Though the Ninth Circuit has yet to offer any guidance to this regard, there is precedent from this district that indicates, where parties are represented by counsel and aware of their relevant rights, their settlement of FLSA claims should be permitted binding effect even without court approval. *See Smith v. Tri-City Transmission Serv.*, 2012 U.S. Dist. LEXIS 119428 (D. Ariz. Aug. 23, 2012) (holding that "[i]t is no longer clear that settlement of FLSA claims must be approved by the court to be binding, especially in a case such as this . . . . Plaintiff was represented by counsel when he filed his complaint . . . and throughout the course of this litigation. He alleged violations of the FLSA in his complaint, therefore he was obviously aware of his rights under this statute. The parties settled their disagreements within the context of a pending lawsuit. Following the logic of [other precedent], such a settlement agreement could reasonably be found binding upon the parties even without court approval"). Accordingly, especially where the parties are represented by competent counsel and where settlement is arrived at in the context of adversarial proceedings already underway, at least some deference should be given to the parties' decision to settle the matter and to the terms of that settlement.

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

In this case, Plaintiffs and Defendants are, and have been, represented by competent and accomplished attorneys who are well aware of the law at issue in this matter and who have apprised their clients of that law in relation to their clients' interests. The Parties, recognizing the various countervailing considerations at issue and being fully apprised by counsel, have reached a compromise to resolve this action. More specifically, as this Court is certainly already aware, the law governing wage disputes, especially those involving overtime exemptions under the Fair Labor Standards Act ("FLSA") as in this litigation, often presents ambiguity and the circumstances surrounding such claims often permit reasonable parties to present differing views as to the viability of the wage claims asserted. As this Court is also certainly aware, litigation is a costly and demanding process for which the result is often uncertain to a very high degree. The Parties, knowing the claims at issue and their attendant circumstances, the law governing the dispute, and the risks, uncertainties, and costs of further litigation, as well as being fully advised by legal counsel of their choosing, have, in the context of ongoing adversarial proceedings, agreed that the Agreement represents a fair resolution and reasonable compromise to Plaintiffs' claims.

In support of this Motion, the parties stipulate as follows:

1. This matter concerns two claims by Plaintiffs that they are owed wages pursuant to the Fair Labor Standards Act and Arizona wage law.

2. Defendants deny any liability toward Plaintiffs.

3. The Parties, through their counsel reached a compromise to resolve this action, pursuant to the terms set forth in the Agreements. The Agreements provide for specific settlement amounts to be paid to Plaintiffs and for liquidated damages. The Agreement also includes a release of claims by each Plaintiff.

4. The Parties agree that the Agreements represent a fair and equitable resolution and reasonable compromise.

5. The Agreements are in the best interests of all the Parties and have been accepted by the Parties. Plaintiffs and Defendants have executed the Agreements.

6. The Parties, through their respective counsel, hereby move for approval of this

LITTLER MENDELSON, P.C.
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

-2-

resolution and agree to file a stipulation to dismiss this action with prejudice, on the merits and without awarding additional fees or costs to either party.

7. Neither this joint motion nor the proposed order is intended to constitute an admission or concession by Defendants of any liability or wrongdoing.

8. The Parties respectfully request that the Court approve the terms of the Agreements because they represent a fair and reasonable resolution of *bona fide* disputes over alleged unpaid overtime wages under the FLSA.

9. All the parties have been represented by competent counsel.

WHEREFORE, the parties request that the Court review the Agreements and issue an Order approving them as fair and reasonable. A copy of the proposed order is attached.

DATED this 30th day of August, 2018.

*s/ Roger A. Wright (with permission)*
Roger A. Wright
WRIGHT LAW FIRM, PLC
Attorneys for Plaintiffs

*s/ Cory G. Walker*
Mark Ogden
Kristy L. Peters
Cory G. Walker
LITTLER MENDELSON, P.C.
Attorneys for Defendants

I hereby certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants, and mailed a copy of same to the following if non-registrants, this 30th day of August, 2018:

Roger A. Wright
Wright Law Firm, PLC
1013 S. Stapley Drive
Mesa, AZ 85204
Attorneys for Plaintiffs

*s/ Linda Bullis*

Firmwide:156736058.1 082961.1010

LITTLER MENDELSON, P.C.
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

-3-